# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 East 42nd Street, 4510                                      Telephone: (212) 317-1200
New York, New York 10165                                      Facsimile: (212) 317-1620
_____

gnaydenskiy@faillacelaw.com

June 26, 2019

**BY ECF**

Hon. John G. Koeltl
United States District Court
500 Pearl St.
New York, NY 10007

>    **Re:**    *Adrian Garcia Hernandez v. D&D Alba Construction/ren Corp. (d/b/a D&D Alba*
>    *Construction/ren Corp.)., et. al.*
>    **Case No. 18-cv-5787**

Dear Judge Koeltl:

This office represents Plaintiff in the above referenced matter.  The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions. A copy of the Agreement is attached hereto as Exhibit A.  We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

## BACKGROUND

Plaintiffs filed their Complaint against Defendants alleging claims for unpaid overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law § 195).

## SETTLEMENT TERMS

Plaintiff alleges he would be entitled to back wages of approximately $15,340.12 as his best case scenario. However, Defendants dispute the amount owed to Plaintiff. Thus, in order to

*Certified as a minority-owned business in the State of New York*

avoid the legal and factual risks of protracted litigation and future collection issues, the parties have agreed to settle this action for the total sum of $15,000.  A copy of Plaintiffs' best case damages chart, breaking down each amount sought from Defendants, is attached as Exhibit C.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Therefore, Plaintiffs believe the settlement is reasonable because of the inherent litigation risk.

## ATTORNEYS' FEES

Plaintiffs' counsel will receive $4,811.05 (one third after subtracting the costs) and $566.84 in costs for a total of $5,377.88.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit.  Counsel's lodestar is $3,510.00 in attorneys' fees and $566.84 in costs[1], making the fee counsel will receive under the agreement reasonable in light of their lodestar.  The following is a summation of the backgrounds and rates of the attorneys who worked on this matter:

---

[1] A copy of Plaintiff's counsel's billing record is attached as "Exhibit B."

i.      Michael Faillace's work is billed at the rate of $450 per hour, which is his standard billing rate for matters paid on an hourly basis.  Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983.  From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM).   Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law.  He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.   Faillace's work is indicated by the initials "MF."

ii.      Gennadiy Naydenskiy is a 2013 graduate of the State University of New York at Buffalo Law School, admitted to the New Jersey Bar and the United States District Court, District of New Jersey, in December  2013, the New York Bar in February 2014, the United States District Court, Southern District of New York in June 2014, and the United States District Court, Eastern District of New York in July 2014. Prior to joining Michael Faillace and Associates, P.C. in August 2018, Gennadiy Naydenskiy was a solo practitioner from October 2014, focusing primarily on FLSA wage and hour cases. Prior to founding his solo practice, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions. Additionally, prior to being an associate, Gennadiy Naydenskiy was a law clerk for Harrison, Harrison, and Associates from May 2012. My regular billing rate of $350 per hour is reflected in Exhibit C with my initials "GN."[2]

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case.  *See Perez v. Platinum Plaza 400 Cleaners, Inc.,* Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Michael Faillace and one of his associates at this firm, Joshua Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

In full consideration of the issues presented in both *Cheeks* and *Wolinsky,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.

---

[2] Additionally, Paralegal time marked as "PL" is billed at $100 an hour.

Page 4

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Gennadiy Naydenskiy

Gennadiy Naydenskiy

Encls.

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ADRIAN GARCIA HERNANDEZ, *individually and on behalf of others similarly situated*,

        *Plaintiff,*

-against-

D&D ALBA CONSTRUCTION/REN CORP. (D/B/A D&D ALBA CONSTRUCTION/REN CORP.) AND, DANNY (A.K.A. DARDAN) GASHI,

        *Defendants.*

**18-cv-05787-JGK**

**SETTLEMENT AGREEMENT**
**AND**
**RELEASE**

---

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Adrian Garcia Hernandez ("Plaintiff Garcia") on the one hand, D&D Alba Construction/Ren Corp. (d/b/a D&D Alba Construction/Ren Corp.), ("Defendant Corporation"), Danny (a.k.a. Dardan) Gashi, ("Individual Defendant"), (collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiff Garcia alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff Garcia's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 18-cv-05787-JGK (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

I.    <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff Garcia, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff Garcia may have against

Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff Garcia, the gross sum of Fifteen Thousand Dollars and No Cents ($15,000.00) (the "Settlement Amount") to be paid to Plaintiff Garcia's attorneys in Two ("2") installments, as follows:

(a)    Installment One: A post-dated check in the amount of Seven Thousand Five Hundred Dollars and No Cents ($7,500.00) for immediate deposit Thirty Days (30) after court approval of the settlement agreement, delivered to Plaintiff Garcia's counsel, and made payable as follows:

    i.    The amount of Four Thousand Eight Hundred and Thirty-Five Dollars with Eleven Cents ($4,811.06) made payable to Plaintiff Adrian Garcia Hernandez, of which Two Thousand Four Hundred and Seventeen Dollars with Fifty-Five Cents ($2,405.53) have to be by IRS Form W2 and Two Thousand Four Hundred and Seventeen Dollars with Fifty-Six Cents ($2,405.53) have to be by IRS Form 1099;

    ii.    A post-dated check in the amount of Two Thousand Six Hundred and Eighty-Eight Dollars with Ninety-Four Cents ($2,688.94) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Garcia, for attorneys' fees and costs, by IRS Form 1099.

(b)    Installment Two: A post-dated check in the amount of Seven Thousand Five Hundred Dollars and No Cents ($7,500.00), for immediate deposit Sixty Days (60) after court approval of the settlement agreement, delivered to Plaintiff Garcia's counsel, made payable as follows:

    i.    The amount of Four Thousand Eight Hundred and Thirty-Five Dollars with Eleven Cents ($4,811.06) made payable to Plaintiff Adrian Garcia Hernandez, of which Two Thousand Four Hundred and Seventeen Dollars with Fifty-Five Cents ($2,405.53) have to be by IRS Form W2 and Two Thousand Four Hundred and Seventeen Dollars with Fifty-Six Cents ($2,405.53) have to be by IRS Form 1099;

    ii.    A post-dated check in the amount of Two Thousand Six Hundred and Eight-Eight Dollars with Ninety-Four Cents ($2,688.94) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Garcia, for attorneys' fees and costs, by IRS Form 1099.

Within 30 days of this Agreement being approved by the Court, all of the post-dated checks/payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165. Failure to deliver said checks shall constitute a default under the Agreement.

Concurrently with the execution of this Agreement, Defendants D&D Alba Construction/Ren Corp. (d/b/a D&D Alba Construction/Ren Corp.) and, Danny (a.k.a. Dardan) Gashi shall each execute and deliver to Plaintiff Garcia's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits respectively. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiff Garcia's hereby irrevocably and unconditionally releases counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the postdated checks fails to clear Garcia's counsel's escrow account, or

Defendants fail to deliver the payments to Garcia's counsel within five days of the Court approving the Agreement, <u>and</u> (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice (to be delivered to Defendants by first class mail via their counsel, Eunon Jason Mizrahi, Esq., at 1 Penn Plaza, Suite 2527 , New York, NY 10019. Any such Notice of Default shall be deemed received five (5) days after it is mailed.

II.     <u>Release and Covenant Not To Sue</u>: Plaintiff Garcia hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiff Garcia at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiff Garcia from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff Garcia relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

III.    <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

IV.     <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Garcia and Defendants.

V.      <u>Acknowledgments</u>:    Plaintiff Garcia and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

VI.     <u>Notices</u>: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff Garcia:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Eunon Jason Mizrahi
Levin-Epstein & Associates, P.C.
1 Penn Plaza, Suite 2527
New York, NY 10019
Tel: 212-792-0048
Fax: 212-563-7108
Email: jason@levinepstein.com

Joshua Levin-Epstein
Dewey & LeBoeuf, L.L.P.(NYC)
1301 Avenue of the Americas
New York, NY 10019
Tel: (212)-259-6097
Fax: (212)-632-0306
Email: Joshua@levinepstein.com

VII. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

VIII. <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Garcia agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

IX. <u>Release Notification</u>: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff Garcia acknowledges that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiff Garcia confirms that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

X. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all

parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _____          Date: 06/12/2019
    ADRIAN GARCIA HERNANDEZ


DEFENDANTS:


By: _____          Date: _____
    D&D ALBA CONSTRUCTION/REN CORP.


By: _____          Date: _____
    DANNY (A.K.A. DARDAN) GASHI

EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – –x

Adrian Garcia Hernandez *individually and*   :
*on behalf of others similarly situated,*   :
  :  **Index No.:**
           Plaintiff,   :
  :
        -against-   :  **AFFIDAVIT OF CONFESSION**
  :  **OF JUDGMENT**
D&D Alba Construction/Ren Corp. (d/b/a   :
D&D Alba Construction/Ren Corp.) and,   :
Danny (a.k.a. Dardan) Gashi,   :
  :
           *Defendants.*   :
  :

– – – – – – – – – – – – – – – – – – – – – – – – – – –x

STATE OF NEW YORK     )
                          : ss.:
COUNTY OF            )

1. I reside in _____ County.

2. I, Danny (a.k.a. Dardan) Gashi, am the President D&D Alba Construction/Ren Corp. (d/b/a D&D Alba Construction/Ren Corp.).

3. I am duly authorized to make this affidavit of confession of judgment on behalf of D&D Alba Construction/Ren Corp. (d/b/a D&D Alba Construction/Ren Corp.).

4. D&D Alba Construction/Ren Corp. (d/b/a D&D Alba Construction/Ren Corp.), maintains its principal place of business in New York County at 13 Joyce Rd, Hartsdale, NY 10530.

5. Pursuant to the terms of the Settlement Agreement and Release by and between Adrian Garcia Hernandez (each a "Plaintiff" and collectively, "Plaintiffs") and D&D Alba Construction/Ren Corp. (d/b/a D&D Alba Construction/Ren Corp.) and, Danny (a.k.a. Dardan) Gashi (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against D&D Alba Construction/Ren Corp. (d/b/a D&D Alba Construction/Ren Corp.) in favor of Plaintiffs for the sum of Thirty Thousand Dollars and No Cents ($30,000.00), less any payments made under the Settlement Agreement.

6. This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $15,000.00 to Plaintiffs. The amount of this affidavit of confession of judgment represents the settlement amount of $15,000.00 plus liquidated damages of $15,000.

7. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

8. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $30,000.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against D&D Alba Construction/Ren Corp. (d/b/a D&D Alba Construction/Ren Corp.).

D&D Alba Construction/Ren Corp.

By: _____
Danny (a.k.a. Dardan) Gashi
Title: President

STATE OF _____ )
: ss.:

On _____, 2019, before me personally came _____, to me known, who, by me duly sworn, did depose and say that deponent resides at _____, that deponent is the President of D&D Alba Construction/Ren Corp. the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of D&D Alba Construction/Ren Corp. and was authorized to do so.

_____
Notary Public

EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – x

Adrian Garcia Hernandez *individually and*    :
*on behalf of others similarly situated,*    :
   :     Index No.:
   Plaintiff,    :
   :
   :
   -against-    :    **AFFIDAVIT OF CONFESSION**
   :    **OF JUDGMENT**
D&D Alba Construction/Ren Corp. (d/b/a    :
D&D Alba Construction/Ren Corp.) and,    :
Danny (a.k.a. Dardan) Gashi,    :
   :
   *Defendants.*    :
   :

– – – – – – – – – – – – – – – – – – – – – – – – – – x

STATE OF NEW YORK     )
   : ss.:
COUNTY OF     )

1. I reside in _____ County.

2. Pursuant to the terms of the Settlement Agreement and Release by and between Adrian Garcia Hernandez (each a "Plaintiff" and collectively, "Plaintiffs") D&D Alba Construction/Ren Corp. (d/b/a D&D Alba Construction/Ren Corp.) and, Danny (a.k.a. Dardan) Gashi (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiff Garcia for the sum of Thirty Thousand Dollars and No Cents ($30,000.00), less any payments made under the Settlement Agreement.

3. This affidavit of confession of judgment is for a debt justly due to Plaintiff Garcia under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $15,000.00 to Plaintiff Garcia.

4. The amount of this affidavit of confession of judgment represents the settlement amount of $15,000.00 plus liquidated damages of $15,000.00.

5. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

6. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $30,000.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against me, Danny (a.k.a. Dardan) Gashi.

_____
Danny (a.k.a. Dardan) Gashi

Sworn to before me this
_____ day of _____ 2019


_____
Notary Public

with their attorneys. Plaintiff Garcia confirms that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

XI.    Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _____          Date: _____
    ADRIAN GARCIA HERNANDEZ

DEFENDANTS:

By: _____          Date: 05/09/2019
    D&D ALBA CONSTRUCTION/REN CORP.

By: _____          Date: 05/09/2019
    DANNY (A.K.A. DARDAN) GASHI

7. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

8. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $30,000.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against D&D Alba Construction/Ren Corp. (d/b/a D&D Alba Construction/Ren Corp.).

D&D Alba Construction/Ren Corp.

By: _____
Danny (a.k.a. Dardan) Gashi
Title: President

STATE OF New York)
        : ss.:

On 9th May, 2019, before me personally came DARDAN GASHI, to me known, who, by me duly sworn, did depose and say that deponent resides at 13 Joyce Rd Hartsdale, NY, 10530, that deponent is the President of D&D Alba Construction/Ren Corp. the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of D&D Alba Construction/Ren Corp. and was authorized to do so.

_____
Notary Public

AFRAH BAKSH
Notary Public - State of New York
NO. 01BA6351149
Qualified in Bronx County
My Commission Expires Nov 26, 2020

Danny (a.k.a. Dardan) Gashi

Sworn to before me this
9 day of May 2019

Notary Public

AFIFAH BAKSH
Notary Public - State of New York
NO. 01BA6351149
Qualified in Bronx County
My Commission Expires Nov 28, 2020

with their attorneys. Plaintiff Garcia confirms that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

XI.    Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

Date: _____

By: _____
     ADRIAN GARCIA HERNANDEZ

DEFENDANTS:

By: _____          Date: 05/09/2019
     D&D ALBA CONSTRUCTION/REN CORP.

By: _____          Date: 05/09/2019
     DANNY (A.K.A. DARDAN) GASHI

SUPREME COURT

-----------------------------------x

Adrian Garcia Hernandez, individually and
on behalf of others similarly situated.

   Plaintiff.

   -against-

D&D Alba Construction/Ren Corp. (d/b/a
D&D Alba Construction/Ren Corp.) and,
Danny (a.k.a. Dardan) Gashi,

   Defendants.

Index No.:

**AFFIDAVIT OF CONFESSION
OF JUDGMENT**

-----------------------------------x

STATE OF NEW YORK )
       : ss.:
COUNTY OF New York )

1. I reside in westchester County.

2. I, Danny (a.k.a. Dardan) Gashi, am the President D&D Alba Construction/Ren Corp. (d/b/a D&D Alba Construction/Ren Corp.).

3. I am duly authorized to make this affidavit of confession of judgment on behalf of D&D Alba Construction/Ren Corp. (d/b/a D&D Alba Construction/Ren Corp.).

4. D&D Alba Construction/Ren Corp. (d/b/a D&D Alba Construction/Ren Corp.), maintains principal place of business in New York County at 13 Joyce Rd, Hartsdale, NY 10530.

5. Pursuant to the terms of the Settlement Agreement and Release by and between Adrian Garcia Hernandez (each a "Plaintiff" and collectively, "Plaintiffs") and D&D Alba Construction/Ren Corp. (d/b/a D&D Alba Construction/Ren Corp.) and, Danny (a.k.a. Dardan) Gashi (each "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against D&D Alba Construction/Ren Corp. (d/b/a D&D Alba Construction/Ren Corp.) in favor of Plaintiffs for the sum of Thirty Thousand Dollars and No Cents ($30,000.00), less any payments made under the Settlement Agreement.

6. This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $15,000.00 to Plaintiffs. The amount of this affidavit of confession of judgment represents the settlement amount of $15,000.00 plus liquidated damages of $15,000.

7. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

8. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $30,000.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against D&D Alba Construction/Ren Corp. (d/b/a D&D Alba Construction/Ren Corp.).

D&D Alba Construction/Ren Corp.

By: _____

Dardan (a.k.a. Dardan) Gashi
Title: President

STATE OF ___NEW YORK___
: ss.:

On ___May 9___, 2019, before me personally came ___Dardan Gashi___, to me known, who, by me duly sworn, did depose and say that deponent resides at 13 Joyce Rd, Hartsdale, NY, 10530, that deponent is the ___President___ of D&D Alba Construction/Ren Corp. the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of D&D Alba Construction/Ren Corp. and was authorized to do so.

_____
Notary Public

AFIFAH BAKSH
Notary Public - State of New York
NO. 01BA6351149
Qualified in Bronx County
My Commission Expires Nov 28, 2020

Danny (a.k.a. Dardan) Gashi

Sworn to before me this
9 day of May 2019

Notary Public

AFIFAH BAKSH
Notary Public - State of New York
NO. 01BA6351149
Qualified in Bronx County
My Commission Expires Nov 28, 2020

# EXHIBIT B

# *Michael Faillace & Associates, P.C.*

60 East 42nd Street
Suite 4510
New York, NY 10165

Ph:(212) 317-1200          Fax:(212) 317-1620

Abdias Garcia Ramirez                                          June 25, 2019

|          |          |
|----------|----------|
| File #:  | D&DAlbaCon |
| Inv #:   | 1152 |

**Attention:**

**RE:**   Garcia Hernandez et al v. D&D Alba Construction/Ren Corp. et al;
18-cv-05787

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|------|-------------|-------|--------|--------|
| Jun-04-18 | Initial consultation with MF - Adrian Garcia Hernandez | 1.00 | 450.00 | MF |
| Jun-25-18 | Drafted Complaint | 3.00 | 1,350.00 | MF |
| Aug-21-18 | review complaint | 0.10 | 35.00 | GN |
| Sep-25-18 | review request for clerk's entry of default | 0.10 | 35.00 | GN |
|  | Drafted Request for Entry of Default | 0.50 | 50.00 | PL |
| Sep-26-18 | review and edit ltr request for extension of deadline | 0.20 | 70.00 | GN |
| Nov-19-18 | Drafted Plaintiff's default declaration | 0.50 | 50.00 | PL |
| Nov-20-18 | Drafted attorney's declaration in support of default motion | 2.50 | 250.00 | PL |
| Nov-29-18 | Reviewed attorney's declaration in support of default motion | 1.00 | 350.00 | GN |
|  | Discussed the finalization of the default motion with PL | 0.30 | 105.00 | GN |
|  | Reviewed default declaration with Plaintiff Adrian Garcia Hernandez | 0.25 | 25.00 | PL |

| | | | | |
|---|---|---|---|---|
| | Reviewed attorney's declaration in support of default motion | 1.50 | 150.00 | PL |
| | Discussed the finalization of the default motion with GN | 0.30 | 30.00 | PL |
| Dec-04-18 | | 0.00 | 0.00 | MF |
| Dec-20-18 | conference with Court | 0.60 | 210.00 | GN |
| Dec-27-18 | conference with sv to call cl re: sett | 0.10 | 35.00 | GN |
| Jan-09-19 | conference with def. re: sett | 0.40 | 140.00 | GN |
| | conference with def re: sett | 0.10 | 35.00 | GN |
| Apr-03-19 | draft ltr reuqest to court | 0.10 | 35.00 | GN |
| Jun-17-19 | draft sett fairness motion | 0.30 | 105.00 | GN |
| | Totals | 12.85 | $3,510.00 | |

**DISBURSEMENTS**

| | | |
|---|---|---|
| | Filing Fee | 400.00 |
| Jul-02-18 | Process Server - Service on D&D Alba Construction/Ren Corp. | 64.00 |
| Jul-10-18 | Postage Expense of Cout Conference Order and Judge's Rules | 2.84 |
| Jul-19-18 | Process Server - Service on Danny (a.k.a. Dardan) Gashi | 50.00 |
| Dec-07-18 | Process Server of Order to Show Cause | 50.00 |
| | Totals | $566.84 |

| | |
|---|---|
| **Total Fee & Disbursements** | **$4,076.84** |
| **Balance Now Due** | **$4,076.84** |

# EXHIBIT C

For Settlement Purposes Only

| Plaintiff | Pay Period | | | | Minimum Wage | | | Paid Wages | | | | Unpaid Wages & OT | | | Pre-Judgment Interest | Other |
| | Start | End | Weeks | Hours Per Week | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay | "Credited" Weekly Pay | Regular Hourly Pay Rate | Hourly OT Pay Rate | Underpayment Per Week | Total Unpaid Wages & OT | Liq. Damages on Wages & OT | PJI on Wages | Wage Notice |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Adrian Garcia Hernandez** | 8/1/2017 | 8/7/2017 | 1 | 57 | $ 10.50 | $ 15.75 | $ 861.84 | $ 750.00 | $ 13.16 | $ 19.74 | $ 111.84 | $ 111.84 | $ 111.84 | $ 13.33 | $ 5,000.00 |
| | 8/8/2017 | 11/1/2017 | 12 | 57 | $ 10.50 | $ 15.75 | $ 861.98 | $ - | $ 13.16 | $ 19.74 | $ 861.98 | $ 10,343.76 | $ 10,343.76 | $ 1,114.28 | |
| | 11/2/2017 | 12/30/2017 | 8 | 57 | $ 10.50 | $ 15.75 | $ 1,378.95 | $ 1,200.00 | $ 21.05 | $ 31.58 | $ 178.95 | $ 1,431.58 | $ 1,431.58 | $ 128.62 | |
| | 12/31/2017 | 5/12/2018 | 19 | 57 | $ 12.00 | $ 18.00 | $ 1,378.95 | $ 1,200.00 | $ 21.05 | $ 31.58 | $ 178.95 | $ 3,400.00 | $ 3,400.00 | $ 225.00 | |
| | 5/13/2018 | 5/26/2018 | 2 | 42.5 | $ 12.00 | $ 18.00 | $ 926.47 | $ 900.00 | $ 21.18 | $ 31.76 | $ 26.47 | $ 52.94 | $ 52.94 | $ 2.54 | |
| | | | | | | | | | | | | $ 15,340.12 | $ 15,340.12 | $ 1,483.78 | $ 5,000.00 |
| **TOTAL DAMAGES** | | | | | | | | | | | | $ 15,340.12 | $ 15,340.12 | $ 1,483.78 | $ 5,000.00 |

| | | | | | |
|---|---|---|---|---|---|
| **NYLL - SOL** | **6/27/2012** | | | | |
| **NYLL Amendment Date** | **4/9/2011** | 1 | **This chart is based upon preliminary information and the expected testimony of Plaintiffs.** | | |
| **FLSA - SOL** | **6/27/2015** | 2 | **Plaintiffs reserve the right to correct or amend this chart.** | | |
| **Filing Date** | **6/26/2018** | 3 | **This Chart was prepared without the benefit of discovery, or the benefit of Defendants' required wage and hour records under the FLSA and NYLL.** | | |
| **Today's Date** | **11/30/2018** | | | | |

For Settlement Purposes Only

| Plaintiff | Pay Period Claims | | | TOTALS |
| | Start | End | Wage Statement | |
|---|---|---|---|---|
| **Adrian Garcia Hernandez** | 8/1/2017 | 8/7/2017 | $ 5,000.00 | $ 10,237.01 |
| | 8/8/2017 | 11/1/2017 | | $ 21,801.80 |
| | 11/2/2017 | 12/30/2017 | | $ 2,991.78 |
| | 12/31/2017 | 5/12/2018 | | $ 7,025.00 |
| | 5/13/2018 | 5/26/2018 | | $ 108.43 |
| | | | $ 5,000.00 | $ 42,164.02 |
| | | | | |
| TOTAL DAMAGES | | | $ 5,000.00 | $ 42,164.02 |
| | | | | |
| **NYLL - SOL** | **6/27/2012** | | | |
| **NYLL Amendment Date** | **4/9/2011** | | | |
| **FLSA - SOL** | **6/27/2015** | | | |
| **Filing Date** | **6/26/2018** | | | |
| **Today's Date** | **11/30/2018** | | | |
| | | | | |
| | | | | |