**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
ADRIAN GARCIA HERNANDEZ, individually
And on behalf of others similarly situated,
                                        Plaintiff,

              -against-

D&D ALBA CONSTRUCTION/REN CORP.
(D/B/A D&D ALBA CONSTRUCTION/REN
CORP.) AND, DANNY (A.K.A. DARDAN
GASHI),
                                        Defendants.
-----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/28/2019

18 **CIVIL** 5787 (JGK)

**JUDGMENT**

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons

stated in the Court's Order dated June 27, 2019, the settlement is fair and reasonable including

the request for attorneys' fees and costs, judgment is hereby entered in favor of Plaintiff

Adrian Garcia Hernandez and against Defendants, in the amount of $15,000.00, as per the

attached Settlement Agreement and Release.

**Dated:**  New York, New York
          June 28, 2019

**RUBY J. KRAJICK**
**Clerk of Court**

BY:

**Deputy Clerk**

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _6/28/2019_

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ADRIAN GARCIA HERNANDEZ, *individually*
*and on behalf of others similarly situated,*

*Plaintiff,*

-against-

D&D ALBA CONSTRUCTION/REN CORP.
(D/B/A D&D ALBA CONSTRUCTION/REN
CORP.) AND, DANNY (A.K.A. DARDAN)
GASHI,

*Defendants.*

---

**18-cv-05787-JGK**


**SETTLEMENT AGREEMENT**
**AND**
**RELEASE**

---

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Adrian Garcia Hernandez ("Plaintiff Garcia") on the one hand, D&D Alba Construction/Ren Corp. (d/b/a D&D Alba Construction/Ren Corp.), ("Defendant Corporation"), Danny (a.k.a. Dardan) Gashi, ("Individual Defendant"), (collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiff Garcia alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff Garcia's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 18-cv-05787-JGK (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

I.  <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff Garcia, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff Garcia may have against

1231196.1

Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff Garcia, the gross sum of Fifteen Thousand Dollars and No Cents (**$15,000.00**) (the "Settlement Amount") to be paid to Plaintiff Garcia's attorneys in Two ("2") installments, as follows:

(a)       Installment One: A post-dated check in the amount of Seven Thousand Five Hundred Dollars and No Cents ($7,500.00) for immediate deposit Thirty Days (30) after court approval of the settlement agreement, delivered to Plaintiff Garcia's counsel, and made payable as follows:

    i.       The amount of Four Thousand Eight Hundred and Thirty-Five Dollars with Eleven Cents ($4,811.06) made payable to Plaintiff Adrian Garcia Hernandez, of which Two Thousand Four Hundred and Seventeen Dollars with Fifty-Five Cents ($2,405.53) have to be by IRS Form W2 and Two Thousand Four Hundred and Seventeen Dollars with Fifty-Six Cents ($2,405.53) have to be by IRS Form 1099;

    ii.       A post-dated check in the amount of Two Thousand Six Hundred and Eighty-Eight Dollars with Ninety-Four Cents ($2,688.94) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Garcia, for attorneys' fees and costs, by IRS Form 1099.

(b)       Installment Two: A post-dated check in the amount of Seven Thousand Five Hundred Dollars and No Cents ($7,500.00), for immediate deposit Sixty Days (60) after court approval of the settlement agreement, delivered to Plaintiff Garcia's counsel, made payable as follows:

    i.       The amount of Four Thousand Eight Hundred and Thirty-Five Dollars with Eleven Cents ($4,811.06) made payable to Plaintiff Adrian Garcia Hernandez, of which Two Thousand Four Hundred and Seventeen Dollars with Fifty-Five Cents ($2,405.53) have to be by IRS Form W2 and Two Thousand Four Hundred and Seventeen Dollars with Fifty-Six Cents ($2,405.53) have to be by IRS Form 1099;

    ii.       A post-dated check in the amount of Two Thousand Six Hundred and Eight-Eight Dollars with Ninety-Four Cents ($2,688.94) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Garcia, for attorneys' fees and costs, by IRS Form 1099.

Within 30 days of this Agreement being approved by the Court, all of the post-dated checks/payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165. Failure to deliver said checks shall constitute a default under the Agreement.

Concurrently with the execution of this Agreement, Defendants D&D Alba Construction/Ren Corp. (d/b/a D&D Alba Construction/Ren Corp.) and, Danny (a.k.a. Dardan) Gashi shall each execute and deliver to Plaintiff Garcia's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits respectively. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiff Garcia's hereby irrevocably and unconditionally releases counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the postdated checks fails to clear Garcia's counsel's escrow account, or

Defendants fail to deliver the payments to Garcia's counsel within five days of the Court approving the Agreement, and (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice (to be delivered to Defendants by first class mail via their counsel, Eunon Jason Mizrahi, Esq., at 1 Penn Plaza, Suite 2527 , New York, NY 10019. Any such Notice of Default shall be deemed received five (5) days after it is mailed.

II.    Release and Covenant Not To Sue: Plaintiff Garcia hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiff Garcia at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiff Garcia from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff Garcia relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

III.    No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

IV.    Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Garcia and Defendants.

V.    Acknowledgments: Plaintiff Garcia and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

VI.    Notices: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff Garcia:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Eunon Jason Mizrahi
Levin-Epstein & Associates, P.C.
1 Penn Plaza, Suite 2527
New York, NY 10019
Tel: 212-792-0048
Fax: 212-563-7108
Email: jason@levinepstein.com

Joshua Levin-Epstein
Dewey & LeBoeuf, L.L.P.(NYC)
1301 Avenue of the Americas
New York, NY 10019
Tel: (212)-259-6097
Fax: (212)-632-0306
Email: Joshua@levinepstein.com

VII.   Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

VIII.  Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Garcia agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

IX.    Release Notification: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff Garcia acknowledges that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiff Garcia confirms that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

X.     Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all

parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _____          Date: 06/12/2019
    ADRIAN GARCIA HERNANDEZ


DEFENDANTS:

By: _____          Date: _____
    D&D ALBA CONSTRUCTION/REN CORP.


By: _____          Date: _____
    DANNY (A.K.A. DARDAN) GASHI

EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adrian Garcia Hernandez *individually and*
*on behalf of others similarly situated,*

         Plaintiff,

      -against-

D&D Alba Construction/Ren Corp. (d/b/a
D&D Alba Construction/Ren Corp.) and,
Danny (a.k.a. Dardan) Gashi,

        *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No.:

**AFFIDAVIT OF CONFESSION**
**OF JUDGMENT**

STATE OF NEW YORK    )
               : ss.:
COUNTY OF           )

1. I reside in _____ County.

2. I, Danny (a.k.a. Dardan) Gashi, am the President D&D Alba Construction/Ren Corp. (d/b/a D&D Alba Construction/Ren Corp.).

3. I am duly authorized to make this affidavit of confession of judgment on behalf of D&D Alba Construction/Ren Corp. (d/b/a D&D Alba Construction/Ren Corp.).

4. D&D Alba Construction/Ren Corp. (d/b/a D&D Alba Construction/Ren Corp.), maintains its principal place of business in New York County at 13 Joyce Rd, Hartsdale, NY 10530.

5. Pursuant to the terms of the Settlement Agreement and Release by and between Adrian Garcia Hernandez (each a "Plaintiff" and collectively, "Plaintiffs") and D&D Alba Construction/Ren Corp. (d/b/a D&D Alba Construction/Ren Corp.) and, Danny (a.k.a. Dardan) Gashi (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against D&D Alba Construction/Ren Corp. (d/b/a D&D Alba Construction/Ren Corp.) in favor of Plaintiffs for the sum of Thirty Thousand Dollars and No Cents ($30,000.00), less any payments made under the Settlement Agreement.

6. This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $15,000.00 to Plaintiffs. The amount of this affidavit of confession of judgment represents the settlement amount of $15,000.00 plus liquidated damages of $15,000.

7. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

8. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $30,000.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against D&D Alba Construction/Ren Corp. (d/b/a D&D Alba Construction/Ren Corp.).

D&D Alba Construction/Ren Corp.

By: _____
Danny (a.k.a. Dardan) Gashi
Title: President

STATE OF _____ )
                          : ss.:

On _____, 2019, before me personally came _____, to me known, who, by me duly sworn, did depose and say that deponent resides at _____, that deponent is the President of D&D Alba Construction/Ren Corp. the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of D&D Alba Construction/Ren Corp. and was authorized to do so.

_____
Notary Public

EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK

```
– – – – – – – – – – – – – – – – – – – – – – – – – x
Adrian Garcia Hernandez *individually and*    :
*on behalf of others similarly situated,*      :
                                               :   Index No.:
                  Plaintiff,                   :
                                               :
               -against-                       :   **AFFIDAVIT OF CONFESSION**
                                               :   **OF JUDGMENT**
D&D Alba Construction/Ren Corp. (d/b/a         :
D&D Alba Construction/Ren Corp.) and,          :
Danny (a.k.a. Dardan) Gashi,                   :
                                               :
                  *Defendants.*                :
                                               :
– – – – – – – – – – – – – – – – – – – – – – – – x
```

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF            )

1. I reside in _____ County.

2. Pursuant to the terms of the Settlement Agreement and Release by and between Adrian Garcia Hernandez (each a "Plaintiff" and collectively, "Plaintiffs") D&D Alba Construction/Ren Corp. (d/b/a D&D Alba Construction/Ren Corp.) and, Danny (a.k.a. Dardan) Gashi (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiff Garcia for the sum of Thirty Thousand Dollars and No Cents ($30,000.00), less any payments made under the Settlement Agreement.

3. This affidavit of confession of judgment is for a debt justly due to Plaintiff Garcia under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $15,000.00 to Plaintiff Garcia.

4. The amount of this affidavit of confession of judgment represents the settlement amount of $15,000.00 plus liquidated damages of $15,000.00.

5. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

6. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $30,000.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against me, Danny (a.k.a. Dardan) Gashi.

_____
Danny (a.k.a. Dardan) Gashi

Sworn to before me this
_____ day of _____ 2019

_____
Notary Public

with their attorneys. Plaintiff Garcia confirms that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

XI.  **Counterparts**: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _____          Date: _____
    ADRIAN GARCIA HERNANDEZ

DEFENDANTS:

By: _____          Date: 05/09/2019
    D&D ALBA CONSTRUCTION/REN CORP.

By: _____          Date: 05/09/2019
    DRINI A.K.A. DARDANI GASHI

This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

8.   I hereby represent my understanding that, upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $30,000.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against D&D Alba Construction/Ren Corp. (d/b/a D&D Alba Construction/Ren Corp.).

D&D Alba Construction/Ren Corp.

By: _____
Danny (a.k.a. Dardan) Gashi
Title: President

STATE OF   New York

:ss.:

On ___ 9th May, 2019, before me personally came DARDAN GASHI, to me known, who, by me duly sworn, did depose and say that deponent resides at 18 Dyre Rd. Hartsdale, NY 10530, that deponent is the President of D&D Alba Construction/Ren Corp., the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of D&D Alba Construction/Ren Corp. and was authorized to do so.

_____
Notary Public

_____
Dandy (a.k.a. Dardan) Gashi

Sworn to before me this
___ day of _____ 2019

_____
Notary Public

with their attorneys. Plaintiff Garcia confirms that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

XI.   **Counterparts.** To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF

By: _____       Date: _____

ADRIAN GARCIA HERNANDEZ


DEFENDANTS

By: _____       Date: 05/09/2019

DARDAN CONSTRUCTION-REN CORP.


By: _____       Date: 05/09/2019

DANNI (A.K.A. DARDAN) GASHI

7. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

8. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $30,000.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against D&D Alba Construction/Ren Corp. (d/b/a D&D Alba Construction/Ren Corp.).

D&D Alba Construction/Ren Corp.

By _____
Darhay (a.k.a. Dardan) Cashi
Title: President

STATE OF _New York_

On _May 9_, 2019, before me personally came _Dardan Cashi_, to me known, who, by me duly sworn, did depose, and say that deponent resides at 13 Tape Rd, Harisdale NY 10530 that deponent is the President of D&D Alba Construction/Ren Corp; the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of D&D Alba Construction/Ren Corp, and was authorized to do so.

_____
Notary Public

_____
Lenny (a.k.a. Dardan) Gashi

Sworn to before me this
9 day of May 2019

_____
Notary Public

APIFAH BAKSH
Notary Public - State of New York
NO. 01BA6351149
Qualified in Bronx County
My Commission Expires Nov 28, 20__

EXHIBIT B

## Michael Faillace & Associates, P.C.
60 East 42nd Street
Suite 4510
New York, NY 10165

Ph:(212) 317-1200          Fax:(212) 317-1620

Abdias Garcia Ramirez                                                      June 25, 2019

File #:    D&DAlbaCon
**Attention:**                                      Inv #:           1152

**RE:**    Garcia Hernandez et al v. D&D Alba Construction/Ren Corp. et al;
18-cv-05787

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|------|-------------|-------|--------|--------|
| Jun-04-18 | Initial consultation with MF - Adrian Garcia Hernandez | 1.00 | 450.00 | MF |
| Jun-25-18 | Drafted Complaint | 3.00 | 1,350.00 | MF |
| Aug-21-18 | review complaint | 0.10 | 35.00 | GN |
| Sep-25-18 | review request for clerk's entry of default | 0.10 | 35.00 | GN |
|  | Drafted Request for Entry of Default | 0.50 | 50.00 | PL |
| Sep-26-18 | review and edit ltr request for extension of deadline | 0.20 | 70.00 | GN |
| Nov-19-18 | Drafted Plaintiff's default declaration | 0.50 | 50.00 | PL |
| Nov-20-18 | Drafted attorney's declaration in support of default motion | 2.50 | 250.00 | PL |
| Nov-29-18 | Reviewed attorney's declaration in support of default motion | 1.00 | 350.00 | GN |
|  | Discussed the finalization of the default motion with PL | 0.30 | 105.00 | GN |
|  | Reviewed default declaration with Plaintiff Adrian Garcia Hernandez | 0.25 | 25.00 | PL |

Invoice #:    1152                    Page   2                    June 25, 2019

|  |  |  |  |  |
|---|---|---|---|---|
|  | Reviewed attorney's declaration in support of default motion | 1.50 | 150.00 | PL |
|  | Discussed the finalization of the default motion with GN | 0.30 | 30.00 | PL |
| Dec-04-18 |  | 0.00 | 0.00 | MF |
| Dec-20-18 | conference with Court | 0.60 | 210.00 | GN |
| Dec-27-18 | conference with sv to call cl re: sett | 0.10 | 35.00 | GN |
| Jan-09-19 | conference with def. re: sett | 0.40 | 140.00 | GN |
|  | conference with def re: sett | 0.10 | 35.00 | GN |
| Apr-03-19 | draft ltr reuqest to court | 0.10 | 35.00 | GN |
| Jun-17-19 | draft sett fairness motion | 0.30 | 105.00 | GN |
|  | Totals | 12.85 | $3,510.00 |  |

## DISBURSEMENTS

|  |  |  |
|---|---|---|
|  | Filing Fee | 400.00 |
| Jul-02-18 | Process Server - Service on D&D Alba Construction/Ren Corp. | 64.00 |
| Jul-10-18 | Postage Expense of Cout Conference Order and Judge's  Rules | 2.84 |
| Jul-19-18 | Process Server - Service on Danny (a.k.a. Dardan) Gashi | 50.00 |
| Dec-07-18 | Process Server of Order to Show Cause | 50.00 |
|  | Totals | $566.84 |

**Total Fee & Disbursements**                    $4,076.84

**Balance Now Due**                    $4,076.84

EXHIBIT C

For Settlement Purposes Only

| Plaintiff | Pay Period | | | | Minimum Wage | | | Paid Wages | | | Unpaid Wages & OT | | | Pre-Judgment Interest | Other |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Start | End | Weeks | Hours Per Week | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay | "Credited" Weekly Pay | Regular Hourly Pay Rate | Hourly OT Pay Rate | Underpayment Per Week | Total Unpaid Wages & OT | Liq. Damages on Wages & OT | PJI on Wages | Wage Notice |
| Adrian Garcia Hernandez | 8/1/2017 | 8/7/2017 | 1 | 57 | $ 10.50 | $ 15.75 | $ 861.84 | $ 750.00 | $ 13.16 | $ 19.74 | $ 111.84 | $ 111.84 | $ 111.84 | $ 13.33 | $ 5,000.00 |
| | 8/8/2017 | 11/1/2017 | 12 | 57 | $ 10.50 | $ 15.75 | $ 861.98 | $ - | $ 13.16 | $ 19.74 | $ 861.98 | $ 10,343.76 | $ 10,343.76 | $ 1,114.28 | |
| | 11/2/2017 | 12/30/2017 | 8 | 57 | $ 10.50 | $ 15.75 | $ 1,378.95 | $ 1,200.00 | $ 21.05 | $ 31.58 | $ 178.95 | $ 1,431.58 | $ 1,431.58 | $ 128.62 | |
| | 12/31/2017 | 5/12/2018 | 19 | 57 | $ 12.00 | $ 18.00 | $ 1,378.95 | $ 1,200.00 | $ 21.05 | $ 31.58 | $ 178.95 | $ 3,400.00 | $ 3,400.00 | $ 225.00 | |
| | 5/13/2018 | 5/26/2018 | 2 | 42.5 | $ 12.00 | $ 18.00 | $ 926.47 | $ 900.00 | $ 21.18 | $ 31.76 | $ 26.47 | $ 52.94 | $ 52.94 | $ 2.54 | |
| | | | | | | | | | | | $ 15,340.12 | $ 15,340.12 | $ 1,483.78 | $ 5,000.00 | |
| TOTAL DAMAGES | | | | | | | | | | | $ 15,340.12 | $ 15,340.12 | $ 1,483.78 | $ 5,000.00 | |

| | | | |
|---|---|---|---|
| NYLL - SOL | 6/27/2012 | | |
| NYLL Amendment Date | 4/9/2011 | 1 | This chart is based upon preliminary information and the expected testimony of Plaintiffs. |
| FLSA - SOL | 6/27/2015 | 2 | Plaintiffs reserve the right to correct or amend this chart. |
| Filing Date | 6/26/2018 | 3 | This Chart was prepared without the benefit of discovery, or the benefit of Defendants' required wage and hour records under the FLSA and NYLL. |
| Today's Date | 11/30/2018 | | |

For Settlement Purposes Only

| Plaintiff | Pay Period Claims | | | TOTALS | |
|---|---|---|---|---|---|
| | Start | End | Wage Statement | | |
| Adrian Garcia Hernandez | 8/1/2017 | 8/7/2017 | $ 5,000.00 | $ | 10,237 01 |
| | 8/8/2017 | 11/1/2017 | | $ | 21,801.80 |
| | 11/2/2017 | 12/30/2017 | | $ | 2,991.78 |
| | 12/31/2017 | 5/12/2018 | | $ | 7,025.00 |
| | 5/13/2018 | 5/26/2018 | | $ | 108.43 |
| | | | $ 5,000.00 | $ | 42,164.02 |
| TOTAL DAMAGES | | | $ 5,000.00 | $ | 42,164.02 |
| NYLL - SOL | 6/27/2012 | | | | |
| NYLL Amendment Date | 4/9/2011 | | | | |
| FLSA - SOL | 6/27/2015 | | | | |
| Filing Date | 6/26/2018 | | | | |
| Today's Date | 11/30/2018 | | | | |
| | | | | | |
| | | | | | |